OSCAR NESS and Olaf Ness, Respondents, v. HANS M. LARSON and August Emmel, Appellants.

(170 N. W. 623.)

**Real property — owner of — offer by mail to sell — acceptance must be made in compliance with terms of offer — person offering released.**

1. Where the owner of real property makes an offer by mail to sell and states in such offer that "if you want to buy the land you must do so immediately, or else I will rent it out for the coming year," and the persons to whom the offer is made do not reply for seventeen days, the person making such offer is released, as the acceptance comes too late.

**Further offer made by owner — acceptance — meeting of minds of parties — contracts — what constitutes.**

2. Where a second offer is made stating that the parties may purchase on the same terms if they will take the owner's share of the rent, or, if they can

make some satisfactory arrangements with the tenant, and it appears that they never saw the tenant and did not know the amount of rent the owner was to receive, that there was no such offer and acceptance or meeting of the minds as constitute the making of a valid, binding, and enforceable contract.

Opinion filed June 1, 1918.   On Rehearing January 7, 1919.

Appeal from district court, Renville County, *Leighton, J.*

Action to determine adverse claims to real property, to recover the possession thereof, and damages for the value of the use of the same.

From a judgment in favor of plaintiffs defendants appeal.

Reversed and dismissed.

*Halvor L. Halvorson* and *Nuchols & Kelsch,* for respondents.

A person having an equitable estate in real property may maintain an action to determine adverse claims to said property.   Comp. Laws 1913, § 8144; Dalrymple v. Security Loan & T. Co. 9 N. D. 306; Mitchell v. Black Eagle Min. Co. (S. D.) 138 N. W. 159; Woodward v. McCollum, 16 N. D. 42; Clapp v. Tower, 11 N. D. 557; Nearing v. Coop, 6 N. D. 349; Roby v. Bank, 4 N. D. 156; Mohen v. Lillestal, 5 N. D. 331; Warvelle, Vendors, 2d. ed. 842; Bucholz v. Leadbetter (N. D.) 92 N. W. 830; Sewell v. Underhill, 197 N. Y. 168, 27 L.R.A. (N.S.) 233 and cases cited in note; Selzer Lumber Co. v. Claflin, 39 Cyc. 1611, 1612 and cases cited in the note; Mitchell v. Knudtson Land Co. 19 N. D. 736; Orfield v. Harney, 33 N. D. 568; Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164; Schmidt v. Johnston, 31 N. D. 53.

The vendee in a contract for the sale of real property has an equitable interest in the land and is really the equitable owner of it.   Woodward v. McCollum, 16 N. D. 42; Clapp v. Tower, 11 N. D. 557; Nearing v. Coop, 6 N. D. 349; Roby v. Bank, 4 N. D. 156; Mohen v. Lillestal, 5 N. D. 331; Warveille, Vendors, 2d ed. 842; Bucholz v. Leadbetter (N. D.) 92 N. W. 830; Sewell v. Underhill, 197 N. Y. 168, 27 L.R.A. (N.S.) 233 and cases cited in note; Selzer Lumber Co. v. Claflin, 39 Cyc. 1611, 1612 and cases cited in the note; Mitchell v. Knudtson Land Co. 19 N. D. 736; Orfield v. Harney, 33 N. D. 568; Townsend v. Kennedy, 6 S. D. 47, 60 N. W. 164; Schmidt v. Johnston, 31 N. D. 53.

Letters and telegrams may constitute a contract enforceable by specific performance. Ibid.

A court of equity having acquired jurisdiction will retain the same to determine all the rights of the parties to the subject-matter of the litigation. Ibid.; Pom. Eq. Jur. 3d ed. §§ 428, 1317; 16 Cyc. 499 and cases cited 1318.

This action being brought under the statute to determine adverse claims to real property, it was not necessary that plaintiff allege an offer to pay the purchase price of the land or to make tender thereof. Powers v. Bank, 15 N. D. 466; Tee v. Noble, 23 N. D. 225.

*J. E. Bryans,* for appellants.

In an action to quiet title the plaintiff must show some interest, or right of title in the land. This the plaintiff wholly failed to do, and the action should have been dismissed on defendant's motion. 36 Cyc. 773; Herzog v. Atchinson R. Co. 95 Pac. 898; Loan Co. v. McGregor, 149 N. W. 617; Cement Co. v. Washburn, 133 Pac. 153; Thornhill v. Olson, 31 N. D. 81.

An offer by mail to sell land upon certain fixed terms, and within a certain time, must be specifically accepted and acted upon, or the person making the offer is released. Beisecker v. Amberson, 17 N. D. 215; Knutson v. Robinson, 18 N. D. 12; D. S. B. Johnson Land Co. v. Mitchell, 29 N. D. 510; O'Leary v. Schoenfeld, 30 N. D. 374.

Plaintiff cannot recover in any event, because they failed to pay or offer, or tender the amount due under the contract. Ackerman v. Maddux, 26 N. D. 50; Comp. Laws 1913, § 7199; Knutson v. Robinson, 18 N. D. 12; Ugland v. Kolb, 23 N. D. 158; Schumway v. Kitzmann, 123 N. W. 325; Nelson v. McCue (N. D.) 163 N. W. 724.

Fisk, District Judge. This action was brought under the statute relative to determining adverse claims to real property. The proper action, however, should have been for specific performance of a contract.

Plaintiffs, who reside in Renville county, entered into negotiations by correspondence with the defendant Hans M. Larson, a resident of Iowa, for the purpose of purchasing the S.W. ¼ of § 8, township 163 N. of range 87 west, in Renville county, then owned by said Larson. The defendant Emmel was a tenant of Larson, upon the land in

question during the season plaintiffs claim to have purchased the same and he is interested in this lawsuit only to the extent of knowing to whom the landlord's share of the crop belonged, whether the plaintiffs or the defendant Larson. If plaintiffs have a valid contract then Emmel should have delivered this share to them; if not, it belonged to Larson who got it.

The defendant Larson denies that plaintiffs have any interest, title, or estate in the premises, and allege fee simple title in himself, so the all-important question for our consideration is as to whether or not the plaintiffs have such a valid and binding contract as could be enforced in an action for specific performance. If they have such a contract then they have some interest or estate in the property; if not, their action must fall. Several letters were exchanged between the parties and between bankers acting for the parties. The first of these letters was written on or about February 25th, 1914, making an offer of $4,000 for the premises. This was followed by counter offers from Larson but we do not deem it important to set forth all of these letters as they were only preliminary to the negotiations. We will set forth the last of the letters which constitute the contract, if there was one.

On April 6th, 1914, Larson wrote as follows:

Ruthven, Iowa, April 6th, 1914.

Norma State Bank,

Norma, North Dakota.

Gentlemen:

Yours of the 2d received inclosing contract for deed on S.W. 8-163-87, which land I am selling to Olaf and Oscar Ness. I have written to you to send all papers to the Farmers Saving Bank, Ruthven, Iowa. Please do this and also draft for the $1,000 paid down and I will then execute the contract and forward to you. I should like to have notes for the amounts of the deferred payments.

Awaiting your early reply, I am,

Very truly yours,

Hans M. Larson.

On the same day Larson also wrote plaintiffs as follows:

Ruthven, Iowa, April 6th, 1914.

Olaf and Oscar Ness,
Dear Sirs:

I sent a letter to the Norma State Bank asking them to send notes and cash to the Farmers Savings Bank, Ruthven, Iowa. If you want to buy the land you must do so immediately or else I will rent it out for the coming year.

Yours truly,
Hans M. Larson.


On April 23, 1914, Mr. Larson wrote as follows:

Ruthven, Iowa, April 23, 1914.

Mr. Oscar Ness,
New Port, N. D.
Dear Sir:

I am sure that you think I acted kind of strange by sending back your money and papers, but there was two weeks that I did not hear from you and it was getting late in the season that I was afraid that the land would have to be idle, so I rented it to Mr. Emmel. Now, if you want to take my share of the rent, or if you can make some satisfactory arrangements with Mr. Emmel, you may still take the land by sending the same papers back on same terms. That is the best I can do now. Perhaps you have not met Mr. Emmel. His address is A. W. Emmel, New Port, N. D. Hoping to receive a reply in the near future, I am,

Yours resp.,
H. M. Larson.


It will be noted in the letter written by Larson to the plaintiffs under date of April 6th, that Larson required plaintiffs "to buy the land immediately, or else I will rent it out" and in his next letter written seventeen days later he refused to abide by his previous offer for the reason plaintiffs waited two weeks before doing anything towards accepting or complying with Larson's offer, and in the meantime he had rented the land. In the case of Ackerman v. Maddux, 26 N. D. 50, 143 N. W. 147, this court states the law as follows:

"This letter [being the offer to sell] was dated September 5, 1910, and was received by the defendant Maddux on September 6 or 7, 1910. On September 9, 1910, the defendant Maddux wrote a letter accepting the offer. It will be noticed that by its terms the offer demanded an acceptance by return mail, and there is no pretense that such was forthcoming. There was therefore no acceptance, and the offer is eliminated in law from the record and is as if it had never been made. That this is the settled law there can, we believe, be no controversy."

Following the law as thus laid down in this state it follows that the plaintiffs were too late in waiting 17 days before accepting, in view of the offer made requiring an immediate purchase, and we therefore hold that no binding contract had thus far been made.

The only other offer made by Mr. Larson was contained in the letter dated April 23d, 1914, and last above set out in full. In this letter Mr. Larson says, "Now if you want to take my share of the rent, or if you can make some satisfactory arrangements with Mr. Emmel, you may still take the land by sending the same papers back on same terms. . . . Hoping to receive a reply in the near future, I am." It appears that on April 29, 1914, these same papers were returned to Larson for his signature and on May 2d, 1914, the same were returned by Larson with the statement that he had decided not to sell. It appears from the evidence that plaintiffs never went to see Emmel in regard to what the terms of his lease were, or in regard to trying to make some satisfactory arrangements with him as Larson told them to do. They simply added into the contract for deed which they had prepared, the following: "This contract is made subject to a lease for the year 1914 with Aug. Emmel." Thus, without complying with the terms of the second offer made by Larson, they are in court attempting to assert title in themselves. It is evident that the plaintiffs did not even know what the terms of the lease between Larson and Emmel were because they sue in this action for one half of the crop raised by Emmel while as a matter of fact Larson was only to receive one fourth. Mr. Ness also testified that he thought he was entitled to one half the crop. We are agreed that there was no such unqualified acceptance of the second offer nor any such meeting of the minds as constitute a valid, binding, and enforceable contract. As was stated in Beiseker v. Amberson, 17 N. D. 218, 116 N. W. 94, "It is an elementary principle in the law

of contracts that an unqualified acceptance by letter in answer to an offer submitted by letter creates a binding control in writing. It is also equally well established that any counter proposition or any deviation from the terms of the offer contained in the acceptance is deemed to be in effect a rejection, and not binding as an acceptance on the person making the offer, and no contract is made by such qualified acceptance alone. In other words the minds of the parties must meet as to all the terms of the offer and of the acceptance before a valid contract is entered into. It is not enough that there is a concurrence of minds of the price of the real estate offered to be sold. If the purchaser adds anything in his acceptance not contained in the offer, then there is no contract. In this case there was an unqualified acceptance of the offer so far as the price is concerned. After that the acceptance advances terms by the writer as to the carrying out and execution of the contract that were in no manner contained in the offer. Among the new terms imposed by the plaintiff was the one asking the defendant to send the deed to one of two banks named in the letter. The defendant was entitled as a matter of law to have the cash price paid to him at Snohomish, Washington, where the offer was made; and without his consent he was not compelled to send the deed to any place or bank until the price was paid. If plaintiff had accepted the offer unconditionally, his right to a deed could have been made effectual only by a tender of the price to the defendant personally; and, by requiring defendant to send the deed elsewhere, a condition was attached to the acceptance which the defendant was not under any legal obligation to comply with."

After carefully reviewing the evidence in the case and particularly the correspondence between the plaintiffs and Larson relative to the purchase and sale of the property in question we are of the opinion that the plaintiffs acquired no right, title, or interest in said property and that the judgment of the district court must therefore be reversed.

The judgment of the district court is reversed and the case ordered dismissed.

GRACE, J. being disqualified, FRANK E. FISK, District Judge, sat in his place.

ROBINSON, J. (concurring). Defendants appeal from a judgment for the specific performance of an alleged contract to convey to the plaintiffs a quarter section of land in Renville county. The complaint avers that the plaintiffs have an estate and interest in the land and that defendants claim some estate adverse to the plaintiffs. Then in a bungling way it avers that Hans Larson owns the land. Its value is $5,000. The yearly value of its use and occupation is $550. The value of half the crop grown on the land during the year 1914, is $550. That on April 1, 1914, Larson made a written contract to sell the land to the plaintiffs for $4,000, which they agreed to pay, and that since then defendant August Emmel, has been in possession of the land as tenant of Larson.

The relief demanded is that defendants set forth their adverse claim and that it be adjudged void and that plaintiffs recover possession of the land with $550, for the use and occupation of the same. The complaint states neither a cause of action for specific performance nor the determination of an adverse claim. However, it shows that Larson owns the land and the plaintiffs have no title to it. The evidence shows the plaintiffs have been trying to bargain for the land at $4,000, but there is no showing of any completed contract. The bargain was all by letters which contain offers, counteroffers and modifications, but there is no showing of a complete acceptance of any offer and a full compliance with other conditions. There is a written contract signed by the plaintiffs but it is not signed by defendant Larson. To copy the correspondence would make needless expense and avail nothing. But even if there were proof of a legal contract (which there is not) it does not follow, as a matter of course, that the court should decree a specific performance of the same without some facts and circumstances appealing to the conscience of the court. The contract must be just and fair and the remedy must not be harsh in its operation upon defendants. Under the statute specific performance may not be enforced against a party to a contract if he has not received an adequate consideration for the contract, and if it is not as to him just and reasonable. Comp. Laws, § 7198.

In this case it appears the quarter section of land is worth $5,000. and for the crops of three years, the court allows $1,000. In December, 1914, when the crop of that year was assured, the plaintiffs sued

to get the crop and the land at $4,000. On May 29, 1917, the plaintiffs took judgment for the specific performance of the contract with credit for $1,000 and interest on account of the crops produced on the land during the three preceding years, and it was further adjudged that Larson is not entitled to any interest on the sum of $1,000, of the purchase price for which a cashier's check was tendered in April, 1914.

Thus without having paid a dollar the plaintiffs want a quarter section of land at $1,000 less than its value. A quarter section worth $5,000 and crops for three years, $1,000 and annual interest on the value of the crop in each year. And they refuse to pay interest for three years on the $1,000 check though Larson had never offered to receive such a check. Manifestly there is not justice or equity in such a deal and it is contrary to the first principles of equity.

Judgment reversed and action dismissed.


## On Rehearing.

PER CURIAM. A rehearing was ordered in this case. Mr. Justice Grace, being disqualified, and District Judge Fisk, who sat in his place upon the first argument being ill, Judge Nuessle of the sixth district was called in and sat as a member of the court upon the reargument. After careful consideration, we are of the opinion that the conclusion reached in the former opinion is correct. We are, also, of the opinion that there is a reason not mentioned in the former opinion for holding that the plaintiffs have failed to establish that they have a contract for the purchase of the premises involved in this suit. The former opinion refers to a letter of April 29th, 1914, as an acceptance of an offer. This letter is, in our opinion, not an acceptance, but rather a counter offer. It makes the acceptance conditional upon the defendant Larson, furnishing or paying for an abstract of title. This might have meant a considerable expense so far as defendant was concerned, and it was a new condition,—one not referred to in any of the former correspondence.

We, also, believe in view of the fact that the defendant in his answer has affirmatively set up a fee title in himself, and has prayed that title be quieted in him, that judgment should be entered in favor of the

defendant Larson, that he is the owner and entitled to the possession of the premises; and that his title be quieted against all claims of the plaintiffs. It is so ordered.